WILLIS MARLATT

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield September 28, 1882.*

CRIMINAL LAW—*guilt must be shown beyond a reasonable doubt.* Unless it appears that a party on trial for crime is guilty beyond a reasonable doubt, an acquittal must follow, and if the jury disregard this familiar rule of law, and convict, it will be error to refuse a new trial, and a reversal of the judgment will follow, on writ of error.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. M. B. THOMPSON, for the plaintiff in error.

Mr. JAMES McCARTNEY, Attorney General, for the People.

Per CURIAM: At the March term, 1882, of the Champaign circuit court, Willis Marlatt was indicted for the alleged crime of perjury. It is charged that on the trial before a justice of the peace, in a cause wherein the People of the State were plaintiff, on the complaint of John Marlatt, against Fletcher T. Neff, it was a material question whether the defendant in that case had threatened to shoot the complaining witness, and that on such trial, accused, after being duly sworn according to law, did "feloniously, willfully, corruptly and falsely" swear and testify that Neff did "threaten to shoot the said John Marlatt," and did "threaten to blow out the brains of the said John Marlatt," whereas in truth and in fact accused well knew the said Neff did not "threaten to shoot the said John Marlatt," or "threaten to blow out the brains of the said John Marlatt."

Accused, on being arraigned, pleaded "not guilty." On the trial the jury found accused guilty, and by their verdict fixed the term he should serve in the penitentiary at the

period of three years.   Motions for a new trial and in arrest of judgment were severally overruled, and the court pronounced judgment on the verdict.

It is not thought necessary to remark upon all the questions raised on the record, as the court, after a full and careful examination of the evidence, is satisfied it is not sufficient to warrant the conviction.   Unless it appears the accused on trial for crime is guilty beyond a reasonable doubt, an acquittal must follow.   The jury must have disregarded this familiar rule of law.   Without entering upon any analysis of the testimony found in this record, it is sufficient to say it falls short of proving the guilt of accused even by a preponderance of the evidence.   Indeed, it may be said as to the evidence contained in the present record, the weight is in favor of the innocence of accused.   It was manifest error in the court not to grant the motion for a new trial.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*